UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

LOCK REALTY CORP., IX,           )
                                 )
    Plaintiff,                   )
                                 )
  v.                             )  CIVIL NO. 3:13cv994
                                 )
U.S. HEALTH, LP, *et al.,*       )
                                 )
    Defendants.                  )

## OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, U.S. Health, LP, Americare Living Centers LLP, Larry M. New, John W. Bartle, and Rebecca J. Bartle (collectively "Americare"), on September 19, 2013. The plaintiff, Lock Realty Corp., IX ("Lock"), filed its response on October 7, 2013, to which Americare replied on October 18, 2013.

For the following reasons, the motion to dismiss will be granted.

## Discussion

Lock filed a complaint in the Elkhart Superior Court No. 1 on August 30, 2013 alleging a breach of lease and conversion. Lock asserts that the individual Defendants are liable based on guarantees each executed. Americare, on September 13, 2013, filed a Notice of Removal. The case is now pending in this court based on diversity jurisdiction.

This is the third case filed by Lock against these same defendants. Each case involves the same lease and guarantees. The first case was initiated by Lock against U.S. Health, LP on November 2, 2005. The case was assigned to Judge Robert Miller under Cause No. 3:05-cv-715. (Lock I.) This complaint for breach of lease requested judgment in Lock's favor against U.S. Health and the lease guarantors for liquidated and other damages as well as interest, for

ejectment and immediate possession of the leased premises, an award of costs, fees, and all other just and proper relief. Eventually, John Bartle, Rebecca Bartle, Larry New, and Americare III were added as defendants. A consent judgment was entered in the amount of $485,430.56. A supplemental order for attorneys' fees in Lock's favor in the additional amount of $29,238.85 was entered on July 13, 2006. Another order amending the supplemental judgment and awarding Lock attorneys' fees in the additional amount of $86,675.50 was entered on January 10, 2012.

Lock filed the second case for breach of the same lease against U.S. Health, LP, Larry M. New, John W. Bartle, and Rebecca J. Bartle on August 8, 2006. This case was also assigned to Judge Miller under Cause No. 3:06-cv-487. (Lock II.) Eventually, Americare III was added as a party. The complaint was for breach of the same lease and requested: "Judgment in [Lock's] favor and against U.S. Health and the guarantors, for liquidated and other damages as well as interest sufficient to compensate Lock for its losses, an award of costs, fees, and all other just and proper relief." Lock was subsequently granted immediate possession of the premises. The court in Lock II ruled on the parties' several motions for summary judgment thereby limiting issues to be tried. On September 14, 2009, the court granted Americare's motion to strike a portion of Lock's expert witness report regarding damages. The court ruled that without an expert that could opine to the value of the leased property, Lock could not succeed on summary judgment. The court had previously ruled that Lock was entitled to $371,249.30 and prejudgment interest for past due rent, but in ruling on the motion for summary judgment, found that Lock's damages for future rent were limited to the security deposit and replacement reserve which was already in Lock's possession. The court also noted that it had previously ruled that Americare was entitled to a setoff of $63,000.00 for nursing home consumables retained by Lock

when Americare vacated the premises. The net result of the court's pretrial rulings was a bench trial limited to the total amount of setoffs to which Americare was entitled.

The bench trial consisted of one day of evidence with the court announcing its decision on the second day of trial. The court ruled that Lock was entitled to a judgment in the net sum of $244,883.13 consisting of past rent of $371,249.30 less setoffs of $63,000.00 for supplies and consumables and $63,366.17 for payments withheld by Lock. Lock was granted leave to retain the security deposit of $212,703.96 and an escrow account of $416,328.25. Lock was also directed to file its motion for attorneys' fees as the prevailing party.

Lock submitted a request for attorneys' fees in the sum of $804,614.50. The court, for several reasons, found this amount to be unreasonable and awarded Lock $696,390.50 in attorneys' fees. Lock also submitted a bill of costs in the total amount of $21,160.46. The court denied the request for costs in part, and awarded Lock $4,756.14 in costs.

In Lock II, on October 30, 2008, Lock filed a motion to amend its complaint. The motion to amend stated in relevant part:

> 3. On September 11, 2006, this Court entered an order granting Lock immediate possession of the Goshen facility (Doc. 15; the 'immediate possession order').
>
> 4. After Lock took possession of the Goshen facility it discovered that numerous repairs were needed, that were never completed by the Defendants, as required by the lease agreement. (The 'repairs').
>
> 5. Additionally, Defendant U.S. Health L.P. ("U.S. Health") allowed other breaches of the lease to occur including, but not limited to, allowing beds to lose Medicare/Medicaid certification and failing to pay facility employees accrued vacation time (the "additional breaches").
>
> 6. Lock made the repairs necessary to ensure the safety of the Goshen facility's residence and cured the additional breaches.

3

> 7. The Defendants' failure to make such repairs and allowing additional breaches, all discovered after the amended complaint was filed, resulted in Lock suffering additional damages.

Lock's Proposed Second Amended Complaint added a new Count IV which stated in relevant part:

> 31. U.S. Health and its assignee, Americare have failed and refused to maintain the Goshen facility or to make necessary repairs to the facility, which failure constitutes an additional breach of the lease agreement.
>
> 32. U.S. Health L.P. and Americare allowed other breaches of lease agreement to occur, including, but not limited to, allowing decertification of Medicare/Medicaid beds and failing to pay facility employees' accrued vacation time (the 'additional breaches').
>
> 33. Defendants have improperly billed the Medicaid/Medicare programs resulting in overpayments to Defendants which those programs have sought to recover from Lock.

The court denied Lock's motion to amend. The court ruled that the motion was untimely under the court's scheduling order and, further, would result in undue prejudice to Americare.

After the court's judgment was entered in Lock II, Lock filed a notice of appeal challenging the court's entry of summary judgment in favor of the defendants on the issue of future lease payments, together with other rulings of the court. Lock did not appeal the court's denial of its motion to amend the complaint. Americare filed a cross-appeal challenging the court's award of attorneys' fees. After the court issued its order regarding attorneys' fees in Lock I, Americare also filed a notice of appeal challenging the award of attorneys' fees in that case. The appeals were consolidated in the Seventh Circuit Court of Appeals and Americare was designated as the Appellant.

The Seventh Circuit affirmed the District Court in all respects and entered final

judgment. Lock filed a motion requesting appellate attorneys' fees in the Seventh Circuit. The Court granted the motion and remanded the case to the District Court to determine a reasonable amount of attorneys' fees. After the case was remanded to the District Court, Americare filed a motion for an award of appellate attorneys' fees representing the amount incurred in defending Lock's appeal because Americare was the prevailing party in that appeal. Americare requested fees in the amount of $55,312.00. Lock filed a request for $123,233.50 in appellate attorneys' fees representing attorney time of 328.5 hours. Lock also requested $152,376.50 for attorneys' fees incurred in attempting to collect on its judgment, together with an additional $7,969.68 in costs for attempts to collect on its judgment.

Lock filed the present action in the Elkhart Superior Court No. 1 on August 30, 2013. Americare removed the case to federal court based on the diversity of citizenship of the parties on September 13, 2013. In the present case, Lock III, Lock alleges a breach of the same lease and failure to maintain. Lock III seeks recovery on the same lease and the same guarantees as in Lock I and Lock II. More specifically, Lock III attempts to state claims that were rejected by the District Court in Lock II when it denied Lock's motion to amend its complaint. Specifically, Lock III alleges:

> 8. Pursuant to paragraph 13.1 of the lease, the tenants were required to maintain the premises in the condition in which they were received, reasonable wear and tear excepted.
>
> 9. While occupying the Goshen facility, the Defendants failed to maintain the premises as required by the lease resulting in damages of approximately $277,702.16.
> 10. Pursuant to paragraph 49 of the lease, the tenants were required to maintain the same number of certified beds throughout the term of their lease.
>
> 11. During the tenancy at the Goshen facility, the Defendants

5

caused or permitted four beds to be decertified resulting in a loss to Lock of approximately $520,000.00.

* * *

12. That pursuant to paragraph 33 of the lease, the Defendants took an assignment of Lock's Medicare provider number during the term of the lease.

13. While tenants in the Goshen facility, the Defendants utilized Lock's Medicare provider number for the submission of claims for payment to Medicare.

14. That following the termination of the lease, Medicare conducted an audit of the claims Defendants submitted while tenants at the Goshen facility.

15. As a result of this audit, it was determined that Defendants had received overpayments in the amount of at least $413,915.18.

16. That the audit reports include notice of appeal rights afforded to the Defendants.

17. The Defendants undertook no appeal of the audit, despite being provided the reports and notices by Lock.

18. That the overpayments received by Defendants were then deducted from Lock's Medicare reimbursement claim until the government was made whole.

19. That the audit reports indicated that Defendants received monies to which they were not entitled.

20. That as a result of Defendants' actions and inactions, Lock was required to satisfy Defendants' debt to Medicaid.

21. That Lock has made demand on Defendants for repayment of the funds, which requests have been ignored.

22. That the Defendants have money which rightfully belongs to Lock.

23. That by continuing to exercise control over the funds due and

owing Lock, the Defendants have converted those funds to their own use.

In support of its current motion to dismiss, Americare argues that Lock's complaint is barred by the doctrine of *res judicata*. This court set forth the standard of review in *Lincoln National Life Ins. Co. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 9 F.Supp.2d 994, 997 (N.D. Ind. 1998):

> A motion to dismiss challenges the sufficiency of the plaintiff's complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). 'When a federal court reviews the sufficiency of a complaint . . . its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L.Ed.2d 90, 94 S. Ct. 1683 (1974). 'A complaint . . . should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no sets of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S. Ct. 99 (1957). In determining the propriety of a dismissal under Fed.R.Civ.P. 12(b)(6), the Court 'must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff.' *Perkins v. Silverstein*, 939 F.2d 463 (7th Cir. 1991). *See also Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1032,-33 (7th Cir. 1987). The purpose of the motion to dismiss is to test the legal sufficiency of the complaint and not to decide the merits. *Triad Ass'n Inc. v. Chicago House Authority*, 892 F.2d 583, 586 (7th Cir. 1989). 'If it appears beyond doubt that plaintiff can prove any set of facts consistent with the allegations in the complaint which would entitle them to relief, dismissal is inappropriate.' *Perkins*, 939 F.2d at 466. Further, the Court must 'construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss.' *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

A motion to dismiss based on *res judicata* is not converted into a motion for summary

judgment if the court takes judicial notice of pleadings and orders in the prior litigation.[1] *Pugh v. Tribune Co.*, 521 F.3d 686, 691 n. 2 (7th Cir. 2008).

Americare frames the question as whether a plaintiff, who was denied leave to amend a complaint in a previous action, and who chose not to appeal that denial, is barred by the doctrine of *res judicata* from initiating a subsequent action against the same defendants based on the same facts giving rise to the motion to amend the complaint in the prior action.

Americare cites to *Professional Management Associates, Inc. v. KPMG, LLP*, 345 F.3d 1030 (8th Cir. 2003). In a *per curium* opinion, the Eighth Circuit Court of Appeals ruled that the denial of the motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action even if the denial of the motion to amend is based on untimeliness.

Several other Circuits have followed the rule that a denial of a motion for leave to amend a complaint operates as *res judicata* in a subsequent attempt to raise the claims based on the same facts. *See, e.g., EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399-400 (2nd Cir. 1997) ("Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, *res judicata* applies to the claim sought to be added in the proposed amended complaint."); *Huck v. Dawson*, 106 F.3d 45, 49-50 (3rd Cir. 1997) (*Res judicata* applies to claims sought to be raised in an amended complaint where denial of motion to amend was not appealed.); *Qualicare-Walsh, Inc. v. Ward*, 947 F.2d 823, 826 (6th Cir. 1991) (Where a judge denied request to amend complaint and plaintiffs chose not to appeal, the determination

---

[1] The parties have requested that the court take judicial notice numerous pleadings, orders and transcripts from prior litigation. The court grants these requests.

became a final judgment and the doctrine of *res judicata* applied.). *See also*, Restatement(Second) of Judgments § 25, cmt. b. ("It is immaterial that the plaintiff in the first action sought to prove the acts relied on in the second action and was not permitted to do so because they were not alleged in the complaint and an application to amend the complaint came too late.")

Americare acknowledges that the Seventh Circuit Court of Appeals has not explicitly ruled that denial of a motion to amend operates to bar a second suit raising the claims of the proposed amendment, but argues that the United States District Court for the Northern District of Illinois, in *Anderson v. Guaranteed Rate*, 2013 U.S. Dist. LEXIS 74376 (N.D. Ill. 2013), ruled that the Seventh Circuit had implicitly accepted the position and, if given the opportunity to do so, would expressly adopt the position.

Because this court's jurisdiction in the present case is based on diversity jurisdiction, Indiana law determines the preclusive effect of a prior judgment. *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008)*; Infra-Metals Co. v. 3600 Michigan Co., Ltd.*, 2009 U.S. Dist. LEXIS 121605 (N.D. Ind. 2009). Indiana law applies a four-part test for claim preclusion. The prerequisites are:

> (1) The former judgment must have been rendered by a court of competent jurisdiction;
>
> (2) The former judgment must have been rendered on the merits;
>
> (3) The matter now an issue was, or could have been, determined in the prior action; and
>
> (4) The controversy adjudicated in the former action must have been between parties to the present suit or their privies.

*Pinnacle Media v. Metro Development Comm'n*, 868 N.E.2d 894, 899 (Ind.Ct.App. 2007);

*Infra-Metals Co. v. 3600 Michigan Co.*, at *10. A final judgment is one that disposes of the subject matter of the litigation as to the parties so far as the court in which the action is pending has the power to dispose of it. *Infra-Metals* at *11 citing *Perry v. Gulfstream Coach, Inc.*, 871 N.E.2d 1038, 1049 (Ind.Ct.App. 2007).

Lock, in response to the motion to dismiss, argues that Judge Miller "expressly reserved" Lock's claims so that Lock could raise them in this lawsuit. Lock relies on *Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines*, 296 F.3d 624 (7th Cir. 2002), in support of its position. The Seventh Circuit in *Central States* held that:

> [Defendant's] contention that the present suit is *res judicata* also fails because "[u]nder a generally accepted exception to the *res judicata* doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action. *D & K Prop. Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 260 (7th Cir. 1997) (quoting *Apparel Art Intern, Inc. v. Amertex Enter. Ltd.*, 48 F.3d 576, 586 (1st Cir. 1995)). The Second Restatement also specifically addresses the issue at hand and provides that "the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant [when] [t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action ...." Restatement (Second) of Judgments § 26(b)(1) (1982). Indeed, we have previously held that "[i]f a court reserves for later resolution an issue that might otherwise have been adjudicated in the initial proceeding, *res judicata* will not operate to bar the subsequent suit." *See Energy Co-op*, 814 F.2d at 1233.

Thus Lock argues that the law in the Seventh Circuit is that when the judge in a prior action expressly anticipates a second lawsuit, *res judicata* will not bar that suit. Americare, however, argues that Restatement (Second) of Judgments Sec. 26 (relied on by *Central States*) does not apply for several reasons: (1) Section 26 does not apply in situations where the prior court

denied a motion to amend a complaint and the case went to final judgment after the denial; (2) Section 26 applies only when the reservation is expressed in the judgment, findings of fact, conclusions of law, opinion or similar record; (3) Section 26 applies only when the reservation is in writing and reserves specific claims; and (4) Any "express reservation" in the present case is limited solely to Lock's claim for a setoff against defendants' prior setoff.

Restatement (Second) of Judgments, § 26(b), provides:

> Section 26 exceptions to the general rule concerning splitting
>
> (1) When any of the following circumstances exists, the general rule of Section 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> * * *
>
> (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action . . . .

Americare points out that in order to fully understand Section 26, Restatement (Second) of Judgments, § 24 must be reviewed. Section 24 states:

> Dimensions of 'claim' for purposes of merger or bar – general rule concerning – 'splitting'
>
> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see Sections 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or a series of connected transactions, out of which the action arose.
>
> (2) Where factual grouping constitutes a 'transaction' and what groupings constitute a 'series', are to be determined pragmatically, given weight to such consideration as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations of business understanding or

11

usage.

Sections 18 and 19, referred to in Section 24, discuss the principles of merger and bar.

Americare argues that the exceptions in Section 26 relate only to cases where the plaintiff split claims. Americare points out that the situation in this case does not involve claim splitting. Rather, Lock moved for relief to amend its complaint. The motion was denied. The case proceeded to judgment and then to appeal. Although Lock appealed the judgment, it did not appeal the denial of the motion for leave to amend.

Americare further argues that the fact that Section 26 does not apply in circumstances like the present case is clear in the Restatement's comments and illustrations. Comment (b) states:

> Express reservation by the court (subsection (1)(b)). It may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action. A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action. Cf. § 20(1)(b), and Comments f-I.
>
> For an instance where such special treatment of the plaintiff may be called for, see Section 25, Comment h (possible reservation of action for restitution relief after plaintiff fails an action for breach of contract).
>
> It is emphasized that the mere refusal of the court in the first action to allow an amendment of the complaint to permit the plaintiff to introduce additional material with respect to a claim, even where the refusal of the amendment was urged by the defendant, is not a reservation by the court within the meaning of clause (b). The

> plaintiff's ordinary recourse against an incorrect refusal of an
> amendment is direct attack by means of appeal from an adverse
> judgment. See Section 25(a), Comment b.

Americare points out that the denial of Lock's motion to amend was never modified in any way. Thus Americare concludes that Section 26 of the Restatement of Judgments does not apply and Lock's current action is barred by *res judicata*.

Americare cites to *Shahidi v. Michael*, 2005 Mass.App.Div. 152 (Mass.App., 2005), as an example. *Shahidi* was a case involving breach of lease, waste, and future rent, wherein the Court denied a motion to amend plaintiff's complaint to include a claim for future rent. That order was not appealed. Instead, plaintiff filed a second action seeking lost future rent. In rejecting the application of Section 26, the Massachusetts court stated:

> We conclude that the doctrine of claim preclusion bars the claim
> for unpaid future rent in this action. As noted, Shahidi failed to
> appeal, or to seek reconsideration of, the denial of his motion to
> amend to add the claim. The doctrine of claim preclusion makes a
> valid, final judgment conclusive on the parties and those in privity
> with them, and precludes further litigation of all matters that were
> or should have been adjudicated in the first action. *Heacock v.
> Heacock*, 402 Mass. 21, 23, 520 N.E.2d 151 (1988). The factual
> nucleus of the claims for future rent in this action and those for
> waste, negligence and breach of lease covenant to restore the
> premises in the Superior Court action is identical. Clearly, the
> claim for loss of future rent ought to have been contemplated by
> Shahidi before the Superior Court action was commenced. It was
> clear in the earliest stages of the parties' controversy that the
> premises were not rentable without extensive renovation work. If
> Shahidi wished to preserve his claim, he should have presented it
> in the Superior Court in a timely fashion. Instead, he waited until
> two weeks prior to a scheduled trial date to attempt for the first
> time to introduce the claim.
>
> As noted, Shahidi neither sought reconsideration of, nor appealed,
> the denial of his motion to amend to add the future rent claim. That
> error was fatal. As indicated in Restatement (Second) of
> Judgments § 26 Comment b (1982), the denial of a motion to

> amend to add a claim in the first action must be challenged directly
> by way of appeal. Failure to do so may result in claim preclusion
> in the second action. The Restatement approach was followed in
> *Integrated Technologies Ltd. v. Biochem Immunosystems, Inc*., 2
> F.Supp.2d 97 (D. Mass. 1998). We conclude that the Superior
> Court denial of a motion to amend to include a claim that should
> have been brought in the parties' action in that court, which denial
> was never challenged by way of appeal, was conclusive of
> Shahidi's claim for lost future rent under principles of claim
> preclusion.

2005 Mass.App.Div. at 154.

Americare further notes that even though Lock attempted to raise the claim in motion briefs, trial briefs and proposed findings of fact and conclusions of law, the attempt was consistently rejected by the court in Lock II. Comment b to Restatement (Second) of Judgments § 26 notes that the expressed reservation must be "expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion or some similar record." Clearly, the court's denial of the motion to amend contained no expressed reservation of any issues for a future trial. Likewise, the court's denial of Lock's motion for summary judgment did not expressly reserve any issues for a future lawsuit. Those two orders would be the two possible orders from which an appeal would lie. Although Lock attempted to again slide the issue in at the pretrial conference, there was no motion pending before the court. Instead, Lock requested clarification of prior orders and was informed that the Medicaid issues were not issues for that trial. The court's findings and conclusions, as stated in the transcript attached as Exhibit "2" to Lock's response makes no reference to an express reservation of claims for future litigation. Finally, the court's judgment contains no express reservation of any issue for future litigation. In sum, there is no judgment, findings of fact, conclusions of law, or opinions or some similar record in which any issue is expressly reserved. Thus this court agrees with Americare that Section 26 of the

Restatement of Judgments is not applicable.

The Seventh Circuit Court of Appeals has discussed the nature of the "express reservation" with respect to the application of *res judicata*. In *D & K Props. Crystal Lake v. Mutual Life Ins. Co.*, 112 F.3d 257 (7th Cir. 1997), the Court noted that under the "generally accepted exception to the res judicata doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action." 112 F.3d at 260. The Court ruled that the express reservation must not only be in writing, but also must be claim specific. 112 F.3d at 261. In other words, "To avoid res judicata the reservation of a cause of action must be both express, as in writing, and express as in specifically identified. 112 F.3d at 261.

In the present case, there is no writing reserving a cause of action. Furthermore, any discussion at the pretrial conference regarding the avoidance of "waiver" did not reserve a specific cause of action. The exception urged by Lock, under Seventh Circuit law, does not apply. Therefore, the court holds that *res judicata* bars Lock's current complaint in its entirety.

Lock has requested that the court sanction defendants' attorneys pursuant to 28 U.S.C. Sec. 1927, claiming that the defendants' motion to dismiss is unreasonable and vexatious. However, as the court has found the motion to be well-taken, the request for sanctions necessarily fails. Americare, in turn, has requested that sanctions be entered against Lock, claiming that Lock's actions in bringing Lock III were unreasonable. This request will also be denied and sanctions will not be entered against any party.

## Conclusion

On the basis of the foregoing, Americare's motion to dismiss [DE 6] is hereby

GRANTED.

Entered: January 13, 2014.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court