UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

LOCK REALTY CORPORATION, IX,       )
                                    )
    Plaintiff,                       )
                                    )
  v.                                )  CIVIL NO. 3:13cv994
                                    )
U.S. HEALTH, LP, *et al.*,          )
                                    )
    Defendants.                      )

OPINION AND ORDER

This matter is before the court on a motion for attorney fees, filed by the defendants, U.S. Health LP, Americare Living Centers LLP, Larry M. New, John W. Bartle, and Rebecca J. Bartle on January 27, 2014. The plaintiff, Lock Realty Corporation IX ("Lock"), filed its response on February 13, 2014, to which Defendants replied on February 21, 2014. Lock filed a surreply on March 25, 2014.

Discussion

Lock's complaint in this case was based on an alleged breach of lease between the parties. Breaches of the same lease were previously litigated by the same parties in two separate federal lawsuits. In the present lawsuit, Defendants filed a motion to dismiss based primarily on the doctrine of *res judicata*. This Court granted the motion, and thus the Defendants were the prevailing parties.

The lease agreement contains a provision in Paragraph 17 governing the award of attorney's fees to the prevailing party and provides that "the prevailing party in such action shall be entitled to recover the court costs and reasonable attorney's fees in the judgment...." Based on this provision, Defendants request an award of $17,703.00. Defendant's request is supported by

the affidavit of Robert J. Palmer, one of the attorney's representing the Defendants.

Lock, in opposition to the motion for fees, argues that the parties to the lease were Lock and Defendant US Health LP, and that the other defendants (John Bartle, Rebecca Bartle, Larry New, and Americare Living Centers, LLP) were not parties to the lease. Lock contends that since US Health LP represents twenty percent of the Defendants, then US Health's portion of the fees incurred should be pro-rated to twenty percent of the total time expended in the matter.

The Defendants, however, point out that even if each Defendant was not a party to the lease, they were a party to the lawsuit and each party agreed to be liable for the attorneys' fees. Defendants state that the parties did not agree only to be liable for their proportionate share, and that each party is jointly and severally liable for attorneys' fees.Clearly, the Defendants have the better position. It is undisputed that at least one party in the present action was a party to the lease. It is also undisputed that the lease provides for recovery of attorney fees to the prevailing party, and that the Defendants (including the party to the lease, US Health LP) were the prevailing parties. Moreover, defendants Larry New, John Bartle and Rebecca Bartle were guarantors of the lease and therefore are entitled to the benefits of the attorney fee provision. Therefore, the court will not deny any fees on this basis.

Next, Lock argues that the rates charged by Defendants' counsel are unreasonable. In his affidavit in support of fees, Attorney Robert Palmer states that "Each of the attorneys working on this case is a partner in the law firm of May Oberfell Lorber. Their time was billed at their usual and customary rate for commercial litigation cases at $315.00 per hour." This affidavit is dated January 27, 2014. Lock points out that on March 19, 2013, Defendants' counsel submitted a fee petition in Lock II for their appellate fees. The affidavit of Attorney Robert Palmer submitted in

that action stated:

> Mr. Johnson's time was billed at usual and customary rate for these types of matters at $290.00 per hour until 2012 at which time his rate increased to $305.00 per hour. Mr. Palmer's time was billed at his usual and customary rate for these types of appellate matters at $250.00 per hour until 2012 at which time his fees increased to $260.00 per hour. Mr. Lebbin's time was billed at his usual and customary rate for these types of clients and matters at $210.00 per hour until March, 2012, at which time his fees increased to $225.00 per hour.

Moreover, Lock argues, time entries for February 2013 which were included in the Defendants' prior fee request show that by February 2013, Mr. Johnson's rate was $315.00 and Mr. Palmer's rate was $260.00. Lock contends that this "drastic rate increase" in six months for the same client for the same case is unreasonable.

This court finds that the rate increase is not, without evidence to the contrary, unreasonable. A review of the rates charged in the various Lock cases that have been litigated the past few years shows a steady increase in the billing rates for all attorneys involved. As long as the rates themselves, regardless of when set, are reasonable, the court finds no reason to inquire into the details of the rate increases. On this point, as the Defendants have pointed out, the affidavits of Lock's attorneys submitted in prior Lock litigation show that Lock's attorneys have also increased their rates over time, and that the rates ranged upwards to $505.00 per hour. As Lock does not contend that its attorney's fees are unreasonable, it cannot be heard to complain that the Defendants' attorney fees (which are lower) are unreasonable. It is simply absurd for Lock to object to fees in the $225 to $305 hourly range when its own attorneys were billing at $505 per hour.

Lock has also objected to various categories of charges which it claims are unreasonable. Lock objects to the time spent researching and drafting a motion for sanctions. The Defendants

explain that they were considering filing a motion for sanctions against Lock pursuant to 28 U.S.C. § 1927, and researched and drafted a motion, but then decided that the best option was to send Lock's counsel a letter pursuant to Rule 11 of the Federal Rules of Civil Procedure. The court finds that Lock has the better position on this point, as courts have found that it is unreasonable to include fee requests for documents which were never filed with the court. *See Worth v. Tyer*, 2001 WL 1659156 (N.D. Ill. 2001); *Avila v. Van Ru Credit Corp.*, 1995 WL 683775, *7 (N.D. Ill. 1995). Therefore, the attorney fees spent researching and drafting the motion for sanctions, which was never filed, will be denied.

Lock also contends that the time spent drafting client fee agreements is unreasonable. Lock cites no support for its argument and this court agrees with the Defendants that there is nothing unreasonable in charging for the time spent preparing fee agreements.

Next, Lock argues that fees for preparing various "vague" emails are not reasonable. Lock cites three specific entries, including two emails to Attorney Shipley and an email to Gerri Long. The Defendants have stated that Attorney Shipley has represented Defendants in other matters and offered advice to Defendants' counsel in the present case. The Defendants further clarify that Gerri Long is an administrative assistant working at Americare Partners in Indianapolis, Indiana. She contacted Defendants' counsel at the direction of John Bartle regarding the fee agreement. Lock also objects to entries relating to emails between Defendants' counsel and the Court on October 18, 2013, and implies that the emails were inappropriate *ex parte* communications. Defendants have included the emails in their exhibits and explain that the email exchange was between this Court's Case Management/Court Room Deputy and Defendants' counsel regarding whether Defendants would be filing a reply to Lock's motion to

4

dismiss. The court finds all of the emails to be reasonable billable items.

Lastly, Lock argues that although its complaint contained one claim arising under the lease, it also contained a separate claim regarding unpaid Medicare charges, and that attorney fees relating to that claim are not recoverable as they did not arise under the lease. The Defendants point out, however, that they had taken assignment of Lock's Medicare provider number during the term of the lease, and when Lock attempted to recover alleged damages relating to the Medicare claims submitted by the Defendants, the alleged damages fell within Paragraph 24.5(C)(3) of the lease. Paragraph 24.5(C)(3) provides that "tenant shall remain liable to landlord for all damages provided in law and under this lease resulting from tenant's breach...." Clearly, the claim in Lock's complaint regarding the Medicare claims arose through the lease and breach of the lease. Thus, Defendants are entitled to their attorney fees for this claim.

The Defendants have attached a summary of time records to the affidavit of Attorney Robert Palmer in support of their motion for fees. The Defendants' method of presenting their time records, a form of "block billing", does not enable the court to distinguish between allowed and disallowed work (i.e. work on the motion for sanctions). Thus, the court will leave it to the attorneys to work out a determination of which specific hours are disallowed. If the attorneys are unable to reach an agreement they may file a supplemental motion with court to that effect.

Conclusion

On the basis of the foregoing, Defendants' motion for attorney fees [DE 13] is hereby GRANTED IN PART AND DENIED IN PART.


Entered: May 14, 2014.

                                                      s/ William C. Lee
                                                      William C. Lee, Judge
                                                      United States District Court