UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

LOCK REALTY CORPORATION, IX,   )
                                         )
         Plaintiff,               )
                                         )
     v.                           )     CIVIL NO.  3:13cv994
                                         )
U.S. HEALTH, LP, *et al.,*           )
                                       )
         Defendants.       )

OPINION AND ORDER

This matter is before the court on a motion for appellate attorney's fees and expenses, filed by the defendants, U.S. Health, LP, Americare Living Centers, LLP, Larry M. New, John W. Bartle and Rebecca J. Bartle ("Americare") on June 18, 2014.  Also before the court is a supplemental motion for district court attorney's fee, filed by Americare on June 18, 2014.  On July 7, 2014, the plaintiff, Lock Realty Corporation IX ("Lock"), filed its combined response to the motions, and on July 11, 2014, Americare filed its reply.

For the following reasons, the motions will be granted.

Discussion

The court will first address the supplemental motion for district court attorney's fees.  On May 14, 2014, this court entered an order granting in part and denying in part Americare's motion for attorney fees.  The court granted all of the requested fees with the exception of the fees incurred for preparation of a motion for sanctions which was never filed.  Due to the format of the billing statements, the court was unable to discern exactly which amount of time was spent on the preparation of the motion for sanctions.  Thus, the court made its ruling and left it up to the attorneys to work out the exact dollar amount of fees allowable.   Unfortunately, the attorneys were unable to reach an agreement regarding the dollar amount of disallowable fees.

However, Americare has agreed to reduce its fee request by $3,213.00, which represents the full amount of the "block billing" in which the fees for preparation of the motion for sanctions were billed. As Americare's solution clearly solves the problem, the court will grant attorney fees in the amount of $14,490.00 (original fee request of $17,703.00 minus $3213.00 in disallowed fees).

In the next motion, Americare requests appellate attorney fees in the amount of $15,876.00 plus expenses in the amount of $22.27. Americare notes that on June 12, 2014, the Seventh Circuit Court of Appeals issued an order affirming this court's dismissal of Lock's complaint.

The underlying case was based on an alleged breach of a lease between the parties. The lease agreement contains a provision providing an award of attorney's fees to the prevailing party. Indiana law enforces contractual term providing for the prevailing party in a contract action. *Walton v. Claybridge Homeowner's Association, Inc.*, 825 N.E.2d 818, 825 (Ind. Ct. App. 2005). Lock does not dispute that the contractual provision entitles Americare to appellate attorney fees[1]. However, Lock disputes the reasonableness of the fees requested. Lock claims that Americare's time entry descriptions are vague, as they relate to "legal research", "work on Appellee's Brief", etc. Without explanation, Lock claims that it is unreasonable for Americare to request $15,876 in fees for appellate work when it only incurred $14,490 in fees at the district court level. Lock notes that portions of the appellate brief was boilerplate language and/or "cut

---

[1] For the record, Lock still contends that the entire fee amount should not be recoverable because only defendant U.S. Health was a party to the Lease. Lock acknowledges that the court has already determined that all of the defendants are entitled to the benefits of the attorney fee provision in the Lease.

and paste" from district court briefs.  Lock requests that the fees be reduced by 40%, at least.

Americare claims that Lock should be thankful that it was able to use portions of its district court briefs because that kept the fee request from being even greater.  Americare also notes that the affidavit of Robert J. Palmer, attached to the motion for appellate fees, sets forth his extensive experience in appellate matters.  Palmer's affidavit affirms that the summary of time records from February 24, 2014 to and including June 13, 2014 includes work performed only with respect to the appeal.  The affidavit also states that all of the time was necessarily incurred and directly related to the issues raised in defending Lock's appeal.

Americare further asserts that an appellate brief is much different than a memorandum in support of a motion to dismiss, as an appellate brief requires compliance with a different set of rules which dictate both form and substance of an appellate brief.  Moreover, arguments made on appeal are not identical to arguments made in the district court and require refinement on appeal.  Americare also points out that Lock has not submitted any evidence, not even the affidavit of its own attorney, asserting that the requested fees are unreasonable.

This court finds Americare's appellate fees to be reasonable, and fully supported by the Palmer Affidavit.  Therefore the motion will be granted.

Conclusion

On the basis of the foregoing, the supplemental motion for district court attorney's fees [DE 31] is hereby GRANTED, in the amount of $14,490.00.  Further, the motion for appellate

attorney's fees and expenses [DE 30] is hereby GRANTED in the amount of $15,876.00 in fees,

plus $22.27 in expenses.

Entered: September 8, 2014.

s/ William C.  Lee
William C. Lee, Judge
United States District Court